UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARK ALLEN RAWLINS, | § |
| Plaintiff, | § |
| v. | §  EP-17-CV-00192-LS |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY; | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Allen Rawlins appeals the denial of his application for disability insurance benefits under 42U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Rawlins' application.

### I. Facts and Proceedings

Rawlins alleges he became disabled on December 1, 2014, because of depression, degenerative disc disease, and knee, back, and neck problems.[1] An Administrative Law Judge ("ALJ") held a hearing on November 2, 2016 and heard testimony from Rawlins, who was represented by counsel.[2] At the hearing, Rawlins amended his alleged disability onset date to March 15, 2015.[3] In an opinion dated February 24, 2017, the ALJ determined that Rawlins was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied his

---

[1] R:67; 193.
[2] R:35-66.
[3] R:35.
[4] R:19-27.

request for review, making the decision of the ALJ the final decision of the Commissioner.[5]

Rawlins argues that the ALJ failed to weigh the opinion of one medical professional, gave insufficient weight to another, failed to sufficiently take into account Rawlins' cane use, and failed to properly account for Rawlins' pain.[6]

## II. Discussion

### A. Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards.[7] Substantial evidence is more than a mere scintilla, and less than a preponderance.[8] The Commissioner's findings will be upheld if supported by substantial evidence.[9] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[10]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's

---

[5] R:1-3.
[6] ECF No. 15, at 2.
[7] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).
[8] *Masterson*, 309 F.3d at 272.
[9] *Id*.
[10] 20 C.F.R. § 404.1520; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

age, education, and work history.[11] A court cannot, however, reweigh the evidence or try the issues *de novo*.[12] The Commissioner, not the courts, must resolve conflicts in the evidence.[13]

B. **Residual Functional Capacity**

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[14] The responsibility to determine a claimant's RFC belongs to the ALJ.[15] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[16] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[17] An RFC finding is used to determine if the claimant can still do her past jobs.[18] If unable, the RFC is then used to determine whether she can do other jobs in the national economy.[19]

C. **The ALJ's Findings**

In this case, the ALJ found that Rawlins had severe impairments that included degenerative disc disease, degenerative joint disease of the knees, and obesity.[20] None, however, were severe enough to meet or equal an impairment listed in the appendix to the regulations.[21] The ALJ found that because Rawlins could still do "light work"[22] and could still perform his

---

[11] *Perez*, 415 F.3d at 462.
[12] *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).
[13] *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).
[14] 20 C.F.R. § 404.1545(a)(1).
[15] *Id*. at § 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[16] *Perez*, 415 F.3d at 461-62.
[17] *See* 20 C.F.R. §§ 404.1529, 404.1545.
[18] *Perez*, 415 F.3d at 462.
[19] *Id*.
[20] R:21.
[21] R:23.
[22] *Id*. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

previous job as a college faculty member,[23] he was not disabled and not entitled to disability insurance benefits.[24]

### D. Opinion of Leticia Guillen

Rawlins argues that the ALJ erroneously failed to weigh the medical opinion of Leticia Guillen.[25] The document to which Rawlins refers is a VA "Disability Benefits Questionnaire," "originally initiated by" Rod John Merta,[26] electronically signed by Leticia D. Guillen,[27] in which Guillen is listed as its "author."[28] Medical opinions "are statements from physicians and psychologists or other acceptable medical sources,"[29] but this document cannot be construed as a medical opinion because it does not reflect the credentials of either Guillen or Merta. Besides, the document was generated on February 26, 2013,[30] more than two years before Rawlins says he became disabled. The ALJ did, however, consider and incorporate into his decision the June 2016 findings of licensed clinical psychologist Randall Rattan, Ph.D.,[31] whose conclusions Rawlins does not contest in this appeal.[32]

### E. Opinion of Dr. Juan Castro Combs

Rawlins also argues that the ALJ should have given consultative examiner Dr. Juan Castro Combs' opinion "great" instead of "partial" weight, and did not provide a sufficient explanation for discounting Dr. Combs' opinion. Dr. Combs examined Rawlins in June 2016 and concluded that Rawlins had moderate limitations with respect to sitting and standing, and severe

---

[23] R:26.
[24] R:25.
[25] ECF No. 15, at 6.
[26] R:696.
[27] *Id*.
[28] R:687
[29] 20 C.F.R. § 404.1527(a)(2).
[30] R:696.
[31] R:22, citing R:1008-13 (which the ALJ cites in his opinion as Exhibit 7F).
[32] R:1008-13.

limitations with respect to walking, lifting, and carrying weight.[33] I note, however, that Rawlins showed full muscle strength on every test that Dr. Combs administered.[34] He also had a full range of motion with respect to all parts of his body except his back and knees, the scores for which were generally mid-range.[35] During a pre-operative exam in October 2016, however, Rawlins had "full and painless" range of motion and full strength in both knees, had a "normal gait," and reported no back complaints.[36] In December 2016, during a post-operative exam following right knee replacement, Rawlins' orthopedic surgeon noted full range of motion and full strength in the left knee, and mild tenderness, mild range of motion limitations, and generalized weakness in the post-surgical right knee.[37] Rawlins was "doing very well," could bend his right knee "approximately 90 degrees easily," and was instructed to continue with physical rehabilitation.[38] X-rays reflected the prosthesis was in a good position and there was no evidence of any problems with it.[39]

State agency medical consultant Dr. Roberta Herman reviewed Rawlins' medical records, including Dr. Combs' June 2016 examination,[40] and the ALJ ultimately agreed with her determinations about Rawlins' ability to lift, carry, stand, and walk.[41] "State agency medical…consultants…are highly qualified physicians…who are also experts in Social Security disability evaluation."[42] An ALJ must consider such a consultant's findings, but is not bound by

---

[33] R:1005.
[34] R:1003.
[35] R:1004.
[36] R:1154-56.
[37] R:1145.
[38] *Id*.
[39] R:1145-46.
[40] R:89.
[41] R:23.
[42] 20 C.F.R. § 404.1527(e)(2)(i).

5

them.[43] The ALJ determined that the limitations that Dr. Combs found in June 2016 were not supported by the record as a whole, which includes Dr. Herman's July 2016 findings and the late 2016 examinations made both before and after Rawlins' right knee replacement, discussed above. There is, therefore, substantial evidence to support the weight the ALJ assigned to Dr. Combs' opinion.

### F. Rawlins' cane usage.

Rawlins argues that the ALJ failed to take into account his cane usage when generating his RFC, but cites only records that predate his October 2016 right knee replacement. Medical records immediately before the surgery reflect that Rawlins had a "normal gait,"[44] and after the surgery Rawlins had the positive prognosis explained above. Rawlins testified that he used the cane in case his right knee were to "buckle" or "give out." The ALJ did not err, then, in relying on Rawlins' new right knee to generate his RFC instead of his cane usage.

### G. Pain.

Finally, Rawlins argues that the ALJ should have found his pain disabling.[45] When a claimant's impairments can be reasonably expected to produce pain, the ALJ evaluates the intensity and persistence of the symptoms to gauge how they might limit the claimant's ability to work.[46] The evaluation includes a review of many factors, including but not limited to objective medical evidence, the claimant's daily activities, and the effectiveness and side effects of medication and other treatments.[47]

---

[43] *Id*.
[44] R:1155.
[45] ECF No. 15, at 11.
[46] 20 C.F.R. § 404.1529(c)(1).
[47] *Id*. at § 404.1529(c)(2),(3).

The ALJ's decision includes a comprehensive review of the medical record and the complaints Rawlins described during the hearing.[48] He determined that Rawlins' pain is limiting, but not severe enough to preclude all types of work.[49] This determination rests not only on the ALJ's own review of the medical records, but also on Dr. Herman's conclusion that Rawlins can still do light work.[50] The ALJ also noted that Rawlins works part-time, drives, does household chores, cares for dogs, prepares food, attends to his personal needs, assists others with computer software issues, programs computers, and is in the dissertation proposal stage in his Ph.D. course of study.[51] Rawlins underwent a full history and physical in October 2016 and the only pain recorded was right knee "tenderness."[52] Two months later, following right knee surgery, Rawlins' knee had only mild tenderness.[53]

Rawlins argues that "the ALJ did not make findings about Plaintiff's testimony regarding pain," but he did.[54] The objective medical evidence and the other factors listed in the regulations support the ALJ's conclusions about the extent of Rawlins' limitations from pain.

The ALJ properly considered all of the opinion and medical evidence in this case, and substantial evidence supports his decision. I find no legal error, and the decision of the Commissioner is **AFFIRMED**.

---

[48] R:24-25.
[49] R:25.
[50] R:26.
[51] R:23.
[52] R:1153-66.
[53] R:1145.
[54] R:24 ("He testified he experienced pain before the surgeries, which improved after surgeries, but he continues to experience pain and limitations in range of motion, standing, sitting, walking, and lifting/carrying objects.").

**SIGNED** and **ENTERED** on July 13, 2018.

                                              **LEON SCHYDLOWER**
                                              **UNITED STATES MAGISTRATE JUDGE**